**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EVERTON G. RUSSELL,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
PH-0752-16-0356-I-1

DATE: November 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Everton G. Russell, Newcastle, Delaware, pro se.

Mark Manta, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is a Mail Processing Clerk for the U.S. Postal Service (the agency). Initial Appeal File (IAF), Tab 5 at 83. Following a fitness-for-duty examination, the agency placed him in an off-duty, nonpay status, effective June 7, 2016. *Id*. at 30.

¶3 On June 13, 2016, the appellant filed the instant appeal, disputing his placement in a nonpay status. IAF, Tab 1. The administrative judge issued an order, advising the appellant that the Board may not have jurisdiction over the appeal, providing the applicable standards, and directing the appellant to meet his jurisdictional burden. IAF, Tab 7. After receiving the appellant's response, the administrative judge dismissed the appeal for lack of jurisdiction, without a hearing. IAF, Tab 9, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶4 On review, the appellant first reasserts that he has chapter 75 appeal rights and the Board has the authority to address his claims because he is an excepted-service employee. PFR File, Tab 1 at 4-5; IAF, Tab 8 at 4-5. However, this assertion reflects a misunderstanding of the applicable law.

¶5 The Board does not have the authority to remedy all matters alleged to be unfair or incorrect; rather, the Board's authority is limited to those matters over

which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). As the administrative judge properly noted, a U.S. Postal Service employee may file a Board appeal under 5 U.S.C. chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B)(ii). *See* 5 U.S.C. § 7511(b)(8); IAF, Tab 7 at 1; ID at 3-4. Thus, to appeal an adverse action under chapter 75, a Postal employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 17 (2016).

¶6        The appellant has not presented any argument or evidence to suggest that he meets the aforementioned standard for appealing an adverse action. PFR File, Tab 1 at 4-5; IAF, Tab 8 at 4-5. Therefore, the administrative judge properly found that he failed to meet his burden of proving that the Board has the authority to address his placement in a nonpay status.[2] ID at 4-5; *see, e.g.*, *Hamilton*, 123 M.S.P.R. 404, ¶¶ 18-20 (finding that a U.S. Postal Service employee could not appeal her suspension to the Board because she was not a preference eligible, manager, supervisor, or an employee engaged in confidential personnel work).

¶7        In his petition, the appellant also reasserts his prohibited personnel practices claims, including his whistleblower reprisal allegation. PFR File, Tab 1 at 5-8. However, as the administrative judge properly explained, in the absence of an otherwise appealable action, those allegations do not create an independent

---

[2] Because the appellant first identified the agency's action as a negative suitability determination, rather than an adverse action, IAF, Tab 1 at 3, the administrative judge also correctly noted that the Board lacks jurisdiction over such claims, ID at 5; *see McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 414 (1998) (recognizing that U.S. Postal Service positions are in the excepted service and such employees have no right to appeal negative suitability determinations to the Board).

source of Board jurisdiction. *See Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 8 (2009) (observing that, absent an otherwise appealable action, the Board lacks jurisdiction over a whistleblowing claim filed by a Postal employee); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982); ID at 4.

¶8        Because the appellant has failed establish that the Board has jurisdiction over his claims, we find that the administrative judge properly dismissed his appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose

---

[3] The initial decision did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012.  We have provided notice of such appeal rights herein.

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.